629 F.Supp. 225 (1986)
Angela BOND, et al., Plaintiffs,
v.
Daniel B. KECK, et al., Defendants.
No. 84-292C(1).
United States District Court, E.D. Missouri.
January 9, 1986.
*226 Charles R. Oldham, Anne V. Maloney, St. Louis, Mo., for plaintiffs.
Norman C. Parker, Thomas M. Blumenthal, Susman, Schermer, Rimmel & Parker, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on defendants' motion for an award of attorney's fees against plaintiffs pursuant to 42 U.S.C. § 1988.

I. BACKGROUND OF THIS CASE
This suit was brought by Angela Bond, a minor, and her parents, Walker and Rubye Bond, against the Ferguson-Florissant School District, Daniel B. Keck, Superintendent, and certain members of the Board of Education of the Ferguson-Florissant School District, individually and in their official capacity. Plaintiffs alleged that Angela Bond was discriminated against on the basis of her race with respect to her placement in an instructional math class of predominantly black students and retaliated against because of her complaint of discrimination, in violation of 42 U.S.C. §§ 1981 and 1983. Following a trial without a jury, this Court found that Angela Bond's assignment to a particular math class was based on legitimate, non-discriminatory reasons. Moreover, this Court found that Angela Bond was in no way discriminated against on account of her race, nor did defendants take any actions against the plaintiff in retaliation for her complaint of racial discrimination.

II. DEFENDANTS' RIGHT TO ATTORNEY'S FEES
Section 1988 provides, in pertinent part, as follows:
In any action or proceeding to enforce a provision of Section [] 1981, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs.
42 U.S.C. § 1988. A similar provision appears in § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k), and the two provisions have been held to be coterminous. Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1163 (7th Cir.1983). In Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), the Supreme Court stated that a court should award attorney's fees to a prevailing defendant in Title VII actions only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." The award of fees to a prevailing *227 defendant is intended to deter plaintiffs from bringing lawsuits without foundation. Id. at 420, 98 S.Ct. at 699-700. The Supreme Court cautioned however, that the court must not "engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. at 421-22, 98 S.Ct. at 700. This Court is aware of the remedial purpose of 42 U.S.C. § 1983 and that there is a danger that the award of attorney's fees may discourage plaintiffs from seeking a judicial remedy in all but the most airtight claims. Id. See also, Arnold v. Burger King Corp., 719 F.2d 63, 65 (4th Cir.1983) (Title VII action); Obin v. District No. 9 of the International Association of Machinist and Aerospace Workers, 651 F.2d 574 (8th Cir.1981) (Title VII action).
In this Court's opinion, plaintiffs' action was so frivolous and without foundation that defendants are entitled to an award of attorney's fees. Several facts support this conclusion. As noted in its findings of fact, this Court found that plaintiffs were unable to produce any evidence of discrimination or retaliatory conduct on the part of defendants. Plaintiffs' evidence consisted solely of the simple statistical fact that the math class to which Angela Bond was transferred, consisted of considerably more blacks than whites. Following a complaint to defendants by Angela Bond's parents, a consultant was assigned to make observations of Angela Bond in the classroom setting. Plaintiffs claimed that this observation, without the consent of the parents, comprised retaliation against Angela Bond on account of her race. It is important to note that plaintiffs did not object to Angela Bond's placement in any other class and that only forty-five minutes of each day were spent in her math class. Having observed all the evidence, this Court has no doubt that plaintiff's complaint was frivolous and totally without foundation. This Court, on numerous occasions expressed its concern to plaintiffs over the lack of credible evidence in this case. Despite these admonitions, plaintiffs insisted on pursuing their complaint. This Court believes that an award of attorney's fees in this case to the prevailing defendants will promote the policy of discouraging these types of lawsuits.
This Court's opinion is further buttressed by the conduct of Angela Bond's parents during the coarse of this litigation. Walker and Rubye Bond visited the school on several occasions to protest Angela Bond's math class assignment. Their visits became sufficiently disruptive to warrant the issuance of a preliminary injunction, limiting the Bonds' access to the school premises and their contact with school officials. This Court also notes that on one such visit, prior to the issuance of the injunction, the police were summoned in order to restore peace and quiet to the school.
Under these circumstances, an award of attorney's fees to defendants is justified. Defendants have been forced to defend a lawsuit that was groundless from the beginning. Moreover, the defendants are not the only victims in this case. "[T]he entire public inevitably suffers when a vindictive plaintiff squanders limited judicial resources by prosecuting frivolous lawsuits." American Family Life Assurance Co. v. Teasdale, 733 F.2d 559, 570 (8th Cir.1984). An award of attorney's fees in this case will further the purpose of deterring groundless lawsuits. Christiansburg, 434 U.S. at 420, 98 S.Ct. at 699-700. Accordingly, this Court holds that defendants are entitled to an award of attorney's fees against plaintiffs.

III. AMOUNT OF ATTORNEY'S FEES
Defendants request attorney's fees in the amount of $29,190.00. As an initial matter, this Court will not consider fees incurred in Case No. 83-1525C(1). That case was dismissed without prejudice on November 28, 1983. Defendant's failure to seek their fees in connection with that suit now bars any collection in connection with this case.
In defending plaintiffs' second suit, defendants claim they incurred a total of $23,040.00 in attorney's fees. This Court is *228 somewhat shocked at the number of hours spent on this case by the two attorneys for defendants. The case culminated in a two and one-half day trial which presented no novel or unusual issues. In light of the overall lack of credible evidence put forth by the plaintiffs, this Court finds that the attorneys' commitment of 205.4 hours to this case to be excessive. It is unnecessary to scrutinize each item listed on the attorneys' time records however, because this Court's fee award is limited by the financial status of the plaintiffs.
Clearly, an award of attorney's fees to a prevailing defendant is a matter within the sound discretion of the trial court. Plaintiffs' indigency is relevant to the amount of fees awarded. "[T]he trial court has broad discretion to reduce the fee award in light of mitigating factors, such as ... the relative economic status of the litigants." Arnold v. Burger King Corp., supra, 719 F.2d at 68. An award of fees to a prevailing defendant is intended to deter the filing of frivolous or groundless civil rights suits, not to make the defendant whole. Christiansburg, 434 U.S. at 420, 98 S.Ct. at 699-700. In the opinion of this Court, a reduction of defendants' award to $2,000.00 is justified by the economic status of the parties and constitutes an adequate deterrent to baseless civil rights actions.
Accordingly, an award of $2,000.00 for defendants' attorney's fees is assessed against the plaintiffs in this action. This award shall only be against Walker and Rubye Bond, the parents of Angela Bond.
This Court also assessed costs against the plaintiffs. Defendants, in their petition for attorney's fees include costs of depositions and expert witnesses in their demand. Under Rule 24, Rules of the United States District Court for the Eastern Judicial District of Missouri, the party recovering costs is required to file a verified bill of costs on forms provided by the Clerk of the Court. Defendants are directed to follow the procedure outlined in the local rules for the recovery of their costs.